IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANCHO LOBO, LTD.,
a Texas limited partnership,

    Plaintiff,

vs.                                                                          Civ. No. 00-925 JP/DJS

ANTONIO DEVARGAS, PATRICIO
ANTONIO, GILBERT CHAVEZ, MOISES
MORALES, ALFREDO MONTOYA, NELSON
CORDOVA, in their Individual and Official
capacities, and THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
RIO ARRIBA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 2, 2001, I entered a Partial Summary Judgment (Doc. No. 46) declaring that the Rio Arriba County Timber Harvest Ordinance (Timber Harvest Ordinance) is invalid because it is preempted by New Mexico statutes. On April 19, 2001, the Plaintiff filed Plaintiff's Motion for Permanent Injunction (Doc. No. 49). The Plaintiff requests that the Court enter a permanent injunction prohibiting the Defendants from enforcing the Timber Harvest Ordinance or any ordinance enacted on the same grounds. Having reviewed the relevant law and the briefs, I find that the Plaintiff's Motion for Permanent Injunction should be denied.

The standard for determining whether a permanent injunction should issue is essentially the same as the standard for a preliminary injunction, except that the Court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the merits. *Amoco Production Co. v. Village of Gambell*, *AK*, 480 U.S. 531, 546 n. 12 (1987)(citation

omitted).  In addition to showing the plaintiff's success on the merits, the plaintiff must establish that: (1) it will suffer irreparable injury unless an injunction is issued; (2) its threatened injury outweighs any harm the proposed injunction may cause to the opposing party; and (3) an injunction would not be adverse to the public interest.  *See, e.g., Chemical Weapons Working Group, Inc. (CWWG) v. U.S. Dept. of the Army*, 111 F.3d 1485, 1489 (10th Cir.1997).

  The Plaintiff argues that without a permanent injunction it will suffer irreparable injury in two ways.  First, the Plaintiff argues that since there is not a final order in this case, there is a possibility of (a) a restraining order being issued in a later filed state court case; and (b) Rio Arriba County issuing a citation for the Plaintiff's violation of the Timber Harvest Ordinance.  To date there has not been a state court case.  The Plaintiff is merely speculating that there might be a state court case and that a restraining order would necessarily issue from that court.  *See Franks v. Nimmo*, 683 F.2d 1290, 1292 (10th Cir. 1982)(speculation does not establish an irreparable harm).  Moreover, Defendant Antonio DeVargas states in an affidavit that Rio Arriba County's only efforts to enforce the Timber Harvest Ordinance has been to "write letters to the plaintiff in an effort to get plaintiff to comply with the County's Ordinance."  Affidavit of Antonio I. DeVargas in Support of Rio Arriba's Response to Plaintiff's Motion for Permanent Injunction at ¶8 (attached to Defendants' Response to Plaintiff's Motion fro Permanent Injunction (Doc. No. 50)).  He also states that Rio Arriba County "has refrained from taking any other action, and will continue to refrain from taking any other action, until this issue is finally resolved in a court of law."  *Id.* at ¶9. The Plaintiff's belief that Rio Arriba County might issue a citation for violating the Timber Harvest Ordinance is, therefore, unsupported at this time.

Second, the Plaintiff argues that if it is unable to complete its state authorized timber harvest, the Plaintiff's property will be exposed to an increased risk of fire. Defendant DeVargas further states in his affidavit that

> 5. To the best of my knowledge, plaintiff began to log on Rancho Lobo shortly after receiving the state timber harvest permit and has continued to do so, weather permitting, until this day.
> 6. I personally witnessed logging on plaintiff's property in the fall of 2000. While in the area of Rancho Lobo, I parked on the highway in view of the property. From my parked vehicle I saw logging trucks and equipment coming and going from the property, indicating that logging operations were proceeding.

The Plaintiff does not contradict these statements from Defendant DeVargas' affidavit. Since the Plaintiff has been harvesting timber, it cannot now argue that its property is subject to a risk of fire because there has been no timber harvesting. I conclude that the Plaintiff has not demonstrated that it will be irreparably harmed if a permanent injunction is not issued.[1] The Motion for Permanent Injunction will, therefore, be denied.

IT IS ORDERED that Plaintiff's Motion for Permanent Injunction (Doc. No. 49) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] A finding that there is no irreparable harm relieves the Court from discussing the other factors considered in deciding whether to issue a permanent injunction. *See Franks*, 683 F.2d at 1292.