IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANCHO LOBO, LTD.,
a Texas limited partnership,

    Plaintiff,

vs.                                                                                          Civ. No. 00-925 JP/DJS

ANTONIO DEVARGAS, PATRICIO
ANTONIO, GILBERT CHAVEZ, MOISES
MORALES, ALFREDO MONTOYA, NELSON
CORDOVA, in their Individual and Official
capacities, and THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
RIO ARRIBA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 2, 2001, I entered a Partial Summary Judgment (Doc. No. 46) declaring that the Rio Arriba County Timber Ordinance is invalid because it is preempted by New Mexico statutes. On April 23, 2001, the Defendants filed Defendants' Motion for Entry of Final Judgment (Doc. No. 52). The Defendants ask the Court to certify the Partial Summary Judgment as final under Fed. R. Civ. P. 54(b). Having reviewed the relevant law and the parties' briefs, I find that Defendants' Motion for Entry of Final Judgment should be granted.

Rule 54(b) allows the Court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The Plaintiff argues that entry of a final judgment under Rule 54(b) is inappropriate because the Partial Summary Judgment addresses only the declaratory judgment claim but not the corresponding claims for

injunctive relief and damages.  I have since addressed the Plaintiff's claim for injunctive relief so that portion of the claim for declaratory judgment is now resolved.  The Plaintiff has not yet served a motion for damages but indicates that he will seek attorney's fees and costs.  Consequently, the only outstanding issue to be resolved with respect to the declaratory judgment claim is that of attorney's fees and costs.

A judgment is not final if it determines liability but does not determine damages.  *Albright v. UNUM Life Ins. Co. of America*, 59 F.3d 1089, 1092 (10th Cir. 1995).  There are, however, two exceptions to this general rule.  First, a declaratory judgment is final and appealable even if attorney's fees have not been determined.  *Pennsylvania Nat. Mut. Co. Ins. Co. v. City of Pittsburg, Kan.*, 987 F.2d 1516, 1518 (10th Cir. 1993).  The rationale for this exception is that attorney's fees are collateral to a final judgment.  *Id*.  Second, when calculating the amount of damages is not complicated but is ministerial in nature, a declaratory judgment is considered final and appealable.  *Albright*, 59 F.3d at 1093.

In this case, the Plaintiff indicates that it will seek attorney's fees and costs as its damages.  Applying the first exception, the request for attorney's fees will not prevent certifying the Partial Summary Judgment as a final judgment.  In addition, the Plaintiff does not suggest that its request for costs would entail any complicated calculations.  I, therefore, conclude that the Partial Summary Judgment should be certified as a final judgment under Rule 54(b).

IT IS ORDERED that Defendants' Motion for Entry of Final Judgment (Doc. No. 52) is granted and the Partial Summary Judgment will be certified as a final judgment.

_____
CHIEF UNITED STATES DISTRICT JUDGE