IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANCHO LOBO, LTD.,
a Texas limited partnership,

    Plaintiff,

vs.                                                                                          Civ. No. 00-925 JP/DJS

ANTONIO DEVARGAS, PATRICIO
ANTONIO, GILBERT CHAVEZ, MOISES
MORALES, ALFREDO MONTOYA, NELSON
CORDOVA, in their Individual and Official
capacities, and THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
RIO ARRIBA,

    Defendants.

MEMORANDUM OPINION AND ORDER

On June 28, 2001, the Plaintiff filed a Motion for Attorneys' Fees (Doc. No. 65). The Plaintiff seeks attorneys' fees of $72,373.65 under 28 U.S.C. §2202. Section 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." On March 2, 2001, I entered a Partial Summary Judgment declaring that the Rio Arriba County Timber Ordinance is invalid because it is preempted by New Mexico statutes. Doc. No. 46. The Plaintiff, therefore, is entitled under §2202 to attorneys' fees incurred in obtaining the declaration that the Rio Arriba County Timber Ordinance is invalid. *See Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1002-03 (10th Cir. 1993), *cert. denied*, 511 U.S. 1083 (1994); *Security Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956). The determination of the amount of those attorneys' fees is discretionary. *Glenpool Utility Service*

*Authority v. Creek County Rural Water Dist. No. 2*, 1992 WL 37327 (10th Cir.)(citing *Security Ins. Co. of New Haven*, 236 F.2d at 220).

The Defendants question the reasonableness of Mr. Polk's hourly rate and the reasonableness of the time the Plaintiff's three attorneys spent on the state preemption issue. Mr. Polk's $200 per hour rate is reasonable in light of *Sussman v. Patterson*, 108 F.3d 1206, 1212 (10th Cir. 1997). The Tenth Circuit found in *Sussman* that the New Mexico district court did not abuse its discretion when it approved an hourly rate of $200 per hour for an experienced attorney. Here, Mr. Polk has 36 years of trial experience and has served as a Director of the New Mexico Trial Lawyers Association since 1988. Moreover, one must recognize that the $200 per hour rate in *Sussman* was in 1997 dollars.

Having reviewed the billing entries of the Plaintiff's attorneys, I determined that the amount of reasonable hours spent working on the state preemption issue is as follows and the ensuing attorneys' fees should be awarded to the Plaintiff:

    a. Mr. Polk:  61.85 hours x $200.00 per hour = $12,370.00;

    b. Ms. Bowler:  29 hours x $60.00 per hour = $1,740.00;

    c. Mr. Holzem:  23 hours x $75.00 per hour = $1,725.00; and

    d. Total Amount of Attorneys' Fees = $15,835.00.

Considering the apparent duplication of attorney services, this amount of attorneys' fees to be awarded is generous.

    IT IS ORDERED that

    1. Plaintiff's Motion for Attorneys' Fees (Doc. No. 65) is granted in part, and

2. Plaintiff is awarded attorneys' fees in the amount of $15,835.00 plus the gross receipts tax thereon, and Defendants must pay this award to the Plaintiff by September 28, 2001.

_____
CHIEF UNITED STATES DISTRICT JUDGE