IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANCHO LOBO, LTD.,
a Texas limited partnership,

    Plaintiff,

vs.                                                                 Civ. No. 00-925 JP/DJS

ANTONIO DEVARGAS, PATRICIO
ANTONIO, GILBERT CHAVEZ, MOISES
MORALES, ALFREDO MONTOYA, NELSON
CORDOVA, in their Individual and Official
capacities, and THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
RIO ARRIBA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 2, 2001, the Court entered a Partial Summary Judgment declaring that the Rio Arriba County Timber Harvest Ordinance is invalid because it is preempted by statutes of the State of New Mexico.  Doc. No. 46.  On May 31, 2001, the Court certified the Partial Summary Judgment as a final judgment.  Doc. No. 59.  On June 22, 2001, the Defendants appealed the Partial Summary Judgment.  Doc. No. 62.  The Clerk entered a Clerk's Order Settling Costs on August 13, 2001, which allowed costs in the amount of $467.83 to be taxed against the Defendants.  Doc. No. 72.  On September 11, 2001, the Court awarded Plaintiff attorneys' fees in the amount of $15,835.00 plus the gross receipts tax thereon.  Doc. No. 73.  On August 20, 2002, the Tenth Circuit reversed the Partial Summary Judgment finding that the Rio Arriba County Timber Harvest Ordinance is valid.  Doc. No. 75.  The United States Supreme Court denied Plaintiff's request for a writ of certiorari on March 10, 2003.  On March 12, 2004, the

Defendants filed Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for Restitution of Fees and Costs.  Doc. No. 89.  Having reviewed the briefs and relevant law, the Court finds that Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for Restitution of Fees and Costs should be granted in part.[1]

A.  Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6)

Defendants move to dismiss with prejudice Counts I and II of the Complaint, the remaining counts in this lawsuit, under Rules 12(b)(1)(lack of subject matter jurisdiction) and 12(b)(6)(failure to state a claim upon which relief can be granted).  When a defendant seeks to dismiss a claim under both Rules 12(b)(1) and 12(b)(6), the Court must decide the Rule 12(b)(1) motion first.  *Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D.Kan. 1996)(citation omitted).  If the Court lacks subject matter jurisdiction, a Rule 12(b)(6) challenge becomes moot.  *Id*.  Consequently, the Court will examine Defendants' Rule 12(b)(1) motion first.

On February 16, 2004, the Rio Arriba Planning and Zoning Department found that the Plaintiff complied with the Rio Arriba County Timber Harvest Ordinance with regards to its timber harvest permit application.  The Plaintiff, therefore, was granted a timber harvest permit.  The parties agree that this action moots the remaining counts of this lawsuit and that Counts I and II should be dismissed.  The Defendants, however, ask the Court to dismiss Counts I and II with prejudice while the Plaintiff asks the Court to dismiss those Counts without prejudice.

---

[1]The Defendants request oral argument on their motion to dismiss and for restitution.  The Court finds that oral argument is unnecessary to decide the Defendants' motion.  Defendants' request for oral argument is, therefore, denied.

A dismissal for mootness is a dismissal for lack of jurisdiction. *In re Yellow Cab Co-op. Ass'n v. Metro Taxi, Inc.*, 132 F.3d 591, 594 (10th Cir. 1997). "[A] dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal... must be without prejudice." *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973). Accordingly, Counts I and II will be dismissed without prejudice. Since the Court lacks jurisdiction over Counts I and II, the Court need not address the Defendants' Rule 12(b)(6) motion.

B.  Restitution of the Attorneys' Fees and Costs Paid by the Defendants to the Plaintiff

The Defendants move for the restitution of the attorneys' fees and costs they paid the Plaintiff, including interest calculated at a reasonable rate from the date of payment. The Defendants argue that they are entitled to this restitution because the Tenth Circuit reversed the Court's Partial Summary Judgment, the basis for the award of attorneys' fees and costs. The Plaintiff opposes paying restitution to the Defendants because the Defendants failed to appeal the award of attorneys' fees and costs, and the Plaintiff is still the prevailing party since it finally received a timber harvest permit.

Although the Defendants do not style their motion for restitution as one falling under Fed. R. Civ. P. 60(b)(5), the Court will construe the motion for restitution as a Rule 60(b)(5) motion. Rule 60(b)(5) states in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:...(5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application...." The Tenth Circuit has ruled that "[a] Rule 60(b) motion is addressed to the sound discretion of the court ... [and] gives the

3

court a 'grand reservoir of equitable power to do justice in a particular case.'" *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir.1975), *cert. denied*, 423 U.S. 1079 (1976)(citations omitted).

A party must file a separate appeal of an attorney's fee award "only when it challenges some aspect of the fee award itself." *California Medical Ass'n v. Shalala*, 207 F.3d 575, 577 (9th Cir. 2000)(citing *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 676 (7th Cir. 1985), *cert. denied*, 474 U.S. 1102 (1986)).  However, as several courts and authorities have found, a "Rule 60(b)(5) motion is available if a party seeks relief [from an attorney's fee award] solely on the ground that the underlying merits judgment is reversed." *Id*. (citing *Association for Retarded Citizens of Connecticut, Inc. v. Thorne*, 68 F.3d 547, 553 (2nd Cir. 1995); *Maul v. Constan*, 23 F.3d 143, 145, 147 (7th Cir. 1994); *Mother Goose*, 770 F.2d at 676; 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* §3915.6 at 344 (2d ed. 1992)("If no appeal was taken from the award, some means must be found to avoid the unseemly spectacle of enforcing a fee award based on a judgment that has been reversed; if court and parties cannot cooperate in a more efficient procedure, relief should be available under Civil Rule 60(b)(5)."); 6 *Federal Procedure, L.Ed.* §11:188 at 221 & n.28 (1989)).  In fact, the text of Rule 60(b)(5) also supports that conclusion. *Id*. at 577-78.  The Defendants are, therefore, entitled to Rule 60(b)(5) relief.  Consequently, the Court will order the Plaintiff to reimburse the Defendants $15,835.00 in attorneys' fees plus the gross receipts tax thereon and $467.83 in costs. The Court denies the Defendants' request for an award of interest because Defendants do not cite to any authority warranting an award of interest.  *See Shalala*, 207 F.3d at 579.

IT IS ORDERED that Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for Restitution of Fees and Costs (Doc. No. 89) is granted in part as follows:

1. Defendants' request for oral argument is denied;

2. Counts I and II will be dismissed without prejudice;

3. Plaintiff must reimburse the Defendants $15,835.00 in attorneys' fees plus the gross receipts tax thereon and $467.83 in costs by September 1, 2004; and

4. Defendants' request for an award of interest is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE