IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANCHO LOBO, LTD.,
a Texas limited partnership,

    Plaintiff,

vs.                                                        Civ. No. 00-925 JP/DJS

ANTONIO DEVARGAS, PATRICIO
ANTONIO, GILBERT CHAVEZ, MOISES
MORALES, ALFREDO MONTOYA, NELSON
CORDOVA, in their Individual and Official
capacities, and THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
RIO ARRIBA,

    Defendants.

MEMORANDUM OPINION AND ORDER

On March 2, 2001, the Court entered a Partial Summary Judgment declaring that the Rio Arriba County Timber Harvest Ordinance is invalid because it is preempted by statutes of the State of New Mexico. Doc. No. 46. On May 31, 2001, the Court certified the Partial Summary Judgment as a final judgment. Doc. No. 59. On June 22, 2001, the Defendants appealed the Partial Summary Judgment. Doc. No. 62. On August 20, 2002, the Tenth Circuit reversed the Partial Summary Judgment finding that the Rio Arriba County Timber Harvest Ordinance is not preempted by New Mexico state law. Doc. No. 75. The United States Supreme Court denied Plaintiff's request for a writ of certiorari on March 10, 2003. On August 18, 2004, the Court granted in part Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for Restitution of Fees and Costs (Doc. No. 89) by dismissing Counts I

and II without prejudice[1] and ordering Plaintiff to reimburse the Defendants attorneys' fees and costs.

On September 17, 2004, the Defendants filed Defendants' Motion for Attorneys' Fees (Doc. No.106) and Defendants' Motion for Costs (Doc. No.107). On October 8, 2004, the Clerk of the Court taxed costs for the Defendants in the amount of $2,006.67 against the Plaintiff. Shortly thereafter, on October 13, 2004, the Plaintiff filed Plaintiff's Motion to Review Assessment of Costs Pursuant to Fed. R. Civ. P. 54(d)(1) (Doc. No. 110). Having reviewed the briefs and relevant law, the Court finds that Defendants' Motion for Attorney's Fees should be granted in part and Plaintiff's Motion to Review Assessment of Costs Pursuant to Fed. R. Civ. P. 54(d)(1) should be granted in full.

**I. Defendants' Motion for Attorneys' Fees**

Defendants' attorneys, Simeon Herskovits of the Western Environmental Law Center (WELC) and R. Galen Reimer, an associate attorney at Gallagher, Casados & Mann, P.C., move for an award of attorneys' fees under 28 U.S.C. §2202 and D.N.M. LR-Cv 54.5. Mr. Herskovits requests an attorneys' fees award of $82,040.10 for the WELC. Mr. Reimer asks for an attorney's fees award of $8,695.50.

The Plaintiff argues first that the Defendants are not entitled to attorneys' fees because 28 U.S.C. §2202 of the federal Declaratory Judgment Act does not mandate an award of attorneys'

---

[1] The parties agreed that Counts I and II, which raised constitutional claims, became moot when Rio Arriba County subsequently issued Plaintiff a timber harvest permit.

fees to a prevailing party.[2]  Section 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  The Tenth Circuit in *Security Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956) held that when an insurance company sues an insured (or in that case, the executrix of the estate of the insured) under the federal Declaratory Judgment Act, and the district court enters a declaratory judgment in favor of the insured, the district court can award attorney's fees to the insured under §2202 for attorney's fees incurred in defending the declaratory action.  The Tenth Circuit noted that §2202 "is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding."  *Id*.

In *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1002-03 (10th Cir. 1993), *cert. denied*, 511 U.S. 1083 (1994), the Tenth Circuit affirmed a district court's subsequent order that required the payment of attorneys' fees under §2202 to effectuate a will.  In that diversity case, the Tenth Circuit stated that "this court has specifically held that a court has the power in a diversity case to award fees as damages under section 2202 even though they are not recoverable under state law."  *Id*. at 1003 (citing and quoting *Security Ins. Co. of New Haven*, 236 F.2d at 220).  The Court finds that *Security Ins. Co. of New Haven* and *Gant* provide sufficient Tenth Circuit precedent to conclude that under §2202 the Defendants are entitled to attorneys' fees incurred in obtaining the

---

[2]The Plaintiff also cites to the New Mexico declaratory judgment act as support for the proposition that attorneys' fees are not available in this case.  The Court fails to see how this statute is relevant to this case since this is a federal question action.

declaration that the Rio Arriba County Timber Ordinance is not preempted by state law.[3] The determination of the amount of those attorneys' fees, however, is discretionary. *See Glenpool Utility Service Authority v. Creek County Rural Water Dist. No. 2*, 1992 WL 37327 (10th Cir.)(if §2202 authorizes an award of attorney's fees then the district court has discretion to award attorney's fees); *Kansas Turnpike Authority v. Morgan Guar. Trust of New York*, 751 F.Supp. 936, 942 (D. Kan.1990)(the district court has the discretion to award attorney's fees under §2202).

The Plaintiff argues next that the Defendants are not entitled to attorneys' fees because the motion for attorneys' fees is untimely under Fed. R. Civ. P. 54(d)(2)(B). Rule 54(d)(2)(B) requires that a motion for attorney's fees "be filed no later than 14 days after entry of judgment." The Plaintiff argues that the motion for attorneys' fees should have been filed within 14 days of March 10, 2003, the date that the United States Supreme Court denied Plaintiff's request for a writ of certiorari. The Defendants argue that they had 30 days from August 18, 2004, the date the Court dismissed Counts I and II, to file their motion for attorneys' fees. *See* D.N.M. LR-Cv 54.5(a)("A motion for attorney's fees not brought pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), must be filed and served within thirty (30) calendar days after entry of judgment."). The Court agrees with Defendants' argument. Furthermore, in *Gant*, the Tenth Circuit stated that §2202 "is broad enough to permit the court to grant additional relief long after the declaratory judgment has been entered, provided that the party seeking relief is not barred by

---

[3]The Plaintiff also suggests that the Defendants may not be considered "prevailing parties" for purposes of an attorneys' fees award. Section 2202, however, does not indicate that to obtain further relief the party needs to be a "prevailing party" as that term in used with respect to other statutory fee provisions. Section 2202 merely requires that the court had entered a declaratory judgment in that party's favor.

4

laches." 12 F.3d at 1002. The Court, therefore, finds that the motion for attorneys' fees is not untimely.

Next, the Plaintiff argues that the Defendants did not comply with D.N.M. LR-Cv 7.1(a) which requires that a movant "determine whether a motion is opposed." The Defendants state in their motion for attorneys' fees that they attempted to contact Plaintiff's counsel to determine if the Plaintiff was going to oppose the motion for attorneys' fees. Plaintiff's counsel was not in town at that time, so the Defendants filed the motion for attorneys' fees assuming that the Plaintiff would oppose it. The Defendants' efforts at determining whether Plaintiff opposed the motion for attorneys' fees are sufficient to meet the spirit of D.N.M. LR-Cv 7.1(a). Moreover, the Plaintiff did not suffer any prejudice from the Defendants' actions since the Plaintiff indeed opposes the motion for attorneys' fees. Consequently, the Defendants' failure to strictly comply with D.N.M. LR-Cv 7.1(a) is not a basis for denying the motion for attorneys' fees.

Finally, the Plaintiff argues that the Defendants' requests for attorneys' fees are unreasonable based on the "O'Connor factors" and excessive billing for background research. The Plaintiff, however, does not complain that the hourly rates are unreasonable. The Court agrees that the hourly rates (from $100 per hour to $175 per hour) are not unreasonable.

Although the O'Connor factors may be helpful in determining the reasonableness of attorneys' fees, "[n]o one factor is necessarily controlling, nor should all three factors necessarily be given equal weight. The bottom line is that all three factors should be given due consideration but ultimately it is within the discretion of the magistrate judge (or the district court) to determine what constitutes a reasonable fee given the particular circumstances." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233 (10th Cir. 2001). The first O'Connor factor is the difference between

5

the amount the prevailing party sought and the amount of damages the prevailing party recovered. *Id.* at 1230 (quoting and citing *Farrar v. Hobby*, 506 U.S. 103, 121 (1992)(O'Connor, J., concurring)). This factor does not apply in this case since the Defendants did not recover any damages.

The second O'Connor factor is the significance of the legal issue upon which the party prevailed. *Id.* The Tenth Circuit has interpreted this factor as focusing on the extent of the success of the theory of liability. *Id.* at 1231. The Defendants prevailed on the legal theory that state law does not preempt the Rio Arriba County Timber Harvest Ordinance. The extent of the success of this legal theory, however, is lessened because the Court did not have an opportunity to test the constitutional validity of the ordinance as raised in Counts I and II.

The third O'Connor factor is "the accomplishment of a public goal 'other than occupying the time and energy of counsel, court, and client.'" *Id.* This factor does not require a policy change, that the legal success be novel, or that the legal success benefit the entire general public. *Id.* at 1232-33 and n.6 (citations omitted). This broad approach to the third O'Connor factor, however, should not be construed too liberally, either. *Id.* at 1233. In this case, the Defendants did not necessarily accomplish a public goal by obtaining a declaratory judgment on the preemption issue, because the Court never addressed or decided the constitutional issues raised in Counts I and II. Had the Court found that the ordinance was unconstitutional, then the fact that the ordinance is not preempted by state law becomes irrelevant. The Court finds that the three O'Connor factors, considered either separately or together, do not favor an award of the full amount of attorneys' fees requested by the Defendants.

In addition, the Court finds that the WELC engaged in excessive billing.  For example, Mr. Herskovits spent 65.6 hours on preparing and drafting the appellate brief and appendix although WELC attorneys performed much of that work when they drafted briefs in connection with the dispositive motions that were before this Court.  Another example of excessive billing is when Mr. Herskovits spent 6 hours reviewing the Tenth Circuit's decision in this case and reporting that decision to his clients.  The WELC also engaged in excessive background research as evidenced by the reported 64 hours spent on researching the constitutional and civil rights claims raised in this case.  The Court, therefore, finds that the attorneys' fees requested by the WELC should be reduced by 50%.  *See Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1082-83 (10th Cir. 1998)(a general reduction of attorney's fees is acceptable if the district court provides sufficient reasons for the reduction of attorney's fees).  Furthermore, having reviewed Mr. Reimer's billing statements, the Court finds that the hours expended by Mr. Reimer on this case are reasonable.  In sum, the WELC should be awarded $41,020.05 in attorneys' fees and Mr. Reimer should be awarded $8,695.60 in attorney's fees.

## II.  Defendants' Motion for Costs

The Defendants argue as a preliminary matter that Plaintiff's failure to timely respond to the motion for costs and Plaintiff's subsequent untimely motion to review the assessment of costs constitute sufficient reasons to deny the Plaintiff's motion to review the assessment of costs.  The Court finds that the Defendants will not suffer any prejudice if the Court considers the Plaintiff's motion to review the assessment of costs.  Moreover, it is preferable to address the merits of a motion rather than to deny it only on procedural grounds.  The Court will, therefore, address the merits of Plaintiff's motion to review the assessment of costs.

The Plaintiff argues first that the Defendants are not entitled to costs because they did not entirely prevail in this case. The Plaintiff bases this argument on the fact that although the Defendants prevailed on the preemption issue, the Plaintiff ultimately received a timber harvest permit from Rio Arriba County, and the parties agreed to dismiss Counts I and II as moot. It is within the discretion of the district court to deny costs when "'neither side entirely prevailed, or when both sides prevailed'...." *Barber*, 254 F.3d at 1234-35 (quoting Wright & Miller, *Federal Practice & Procedure*, §2668 (1998)).[4] This is a situation where each side prevailed to some extent: the Defendants received a declaratory judgment on the preemption issue in their favor and the Plaintiff eventually received a timber harvest permit. Furthermore, it is difficult to conclude that the Defendants entirely prevailed on Counts I and II since the Court dismissed those Counts on the basis of mootness. The Court finds that these are sufficient reasons for it to exercise its discretion in denying the Defendants' request for an award of costs.

IT IS ORDERED that:

1. Defendants' Motion for Attorneys' Fees (Doc. No.106) is granted in part in that

   a. Defendants are awarded WELC attorneys' fees in the amount of $41,020.05 plus the gross receipts tax thereon,

   b. Defendants are awarded R. Galen Reimer's attorney's fees in the amount of $8,695.60 plus the gross receipts tax thereon, and

---

[4]Defendants cite to *Sinajini v. Board of Educ. of San Juan School Dist*, 233 F.3d 1236, 1240 (10th Cir. 2000), *cert. denied*, 533 U.S. 916 (2001) for the proposition that a party is considered to have "prevailed" if it succeeds on any significant issue and achieves some benefit that it sought in the lawsuit. *Sinajini*, however, was discussing the concept of a "prevailing party" in the context of request for an award of attorney's fees, not costs. Also, the Tenth Circuit decided *Barber* after *Sinajini*, thereby making the *Barber* decision a more recent holding on the law of awarding costs.

    c. the Plaintiff must pay these attorneys' fees awards to Defendants by May 27, 2005; and

  2. Plaintiff's Motion to Review Assessment of Costs Pursuant to Fed. R. Civ. P. 54(d)(1) (Doc. No. 110) is granted and Defendants' request for an award of costs is denied.

                _____
                SENIOR UNITED STATES DISTRICT JUDGE